Exhibit 1

Dear Yadira:

I hope you are doing well. We regret to inform you that the Court recently dismissed your case. See attached Opinion and Order. After reading the Opinion and Order, we proceed to highlight the following.

**Section 1983.** The Court determined that the claim of violation to the First Amendment under Section 1983 regarding your transfer to another office in March 2015 is not part of a continuing violation, but rather is a discrete employment action that is time-barred because it was not brought within one year of its occurrence. See Opinion and Order, at pp. 9-11. We understand that this determination is erroneous. The transfer was not brought in the complaint as an independent action but as an act of retaliation that is part of a continuing pattern of harassment in a hostile work environment. See, for example, Sanchez v. Pub. Bldg. Auth., 402 F. Supp. 2d 393, 399 (D.P.R. 2005) (Public employee's claims for demotions, withheld vacation pay, written warnings, insubordination investigation, and ethics complaints were sufficiently stated as a component of hostile work environment claim for purposes of statute of limitations.)

The Court also found that the City's liability for the alleged retaliation was not established because: : (a) Garcia did not have final regulatory authority to set City policy – but even assuming he did, Garcia was only personally involved in the March 2015 transfer, not the other alleged adverse employment actions; and (b) there is no evidence that Garcia's actions were part of official policy or commonly customary practice accepted by him, that Garcia knew you had filed a report with the FBI and the Comptroller's Office, or that the transfer was motivated by retaliation. Id., at pp. 12-14. We knew this claim was in a gray area and could be dismissed for failure to include the plaintiffs in their individual capacities, although we understand that finding is in part erroneous because the evidence is that Vera spoke to Garcia about your visit to the FBI.

The Court further found that the claim for constructive discharge could not be established because there was insufficient admissible evidence to show that the harassment was so severe and oppressive that it was intolerable to remain on the job. The Court also found that most of the alleged incidents of harassment occurred between 2014 and 2015, and you resigned in June 2017, more than two years after engaging in the protected conduct. Id., at pp. 14-17. We disagree. The evidence, in our opinion, is sufficient to establish that the City subjected you to a continuing pattern of retaliatory harassment that extended through June 27, 2017, and that was so severe and oppressive that it compelled you into a constructive discharge.

**Act 115.** Similarly, the court dismissed the Act 115 retaliation action because it supposedly failed to establish: (a) that any tangible act had occurred that adversely affected your compensation, benefits, or other terms of employment; (b) that there was a hostile work environment; (c) that the protected conduct was a substantial or motivating factor in the March 2015 transfer; and, (d) that the employees who allegedly harassed you knew of your protected conduct. Id., at pp. 14-17. We disagree for the same reasons stated above.

**Articles 1802 and 1803.** The Court held that any claim under Articles 1802 and 1803 (general law) based on the same conduct underlying the Law 115 (special law) claim is not actionable. The Court further found that there is no evidence of: (1) specific defamatory comments; (b) insults or humiliation that would constitute a violation of the constitutional right to privacy and dignity; or, (c) intentionally inflicted emotional distress. Id., at pp. 19-21. We agree with this determination.

**Statutory Benefits.** The Court found that it was not established that you were entitled to vacation pay, bonuses, and overtime for your work at the 2015 San Sebastian Festival. Id., at pp. 19-21. We disagree.

If you wish to appeal the Opinion and Order to the First Circuit, a notice of appeal must be filed with the District Court within 30 days of service of the Judgment on June 27, 2023. See Judgment. The filing fee for the appeal is $505. Other related costs to print, photocopy, bind, and mail 12 copies of the opening brief and 12 copies of the appendix to Boston could range from $3,000 to $4,000. In addition, if the hearing is scheduled in Boston, airfare, hotel, and food expenses would be incurred. You would be responsible for those expenses.

Please note that our contingency fee agreement was limited to the prosecution of your claim in district court and does not extend to an appeals process. If you wish to retain us for the appeal, please be advised that Pedro and I are unable to continue funding your case. The case expenses paid by us already exceed the sum of $12,000, with no guarantee of reimbursement.

Please let us know how you wish to proceed with this matter as soon as possible. If you would like to discuss this matter further, we are available for a conference call on July 7, 2023, any time after 1:00 p.m.

# CERTIFICATION

**CERTIFIED:** To be a true and correct translation of the original document(s) from Spanish into English. Furthermore, that I am a Certified Interpreter & Translator for the Administrative Office of the U. S. Courts, named on the list of Qualified Interpreters/Translators, at the U.S. District Court for the District of Puerto Rico.

*Carlos T. Ravelo*
Carlos T. Ravelo, USCCI



Jose Quetglas <jfquetglas@gmail.com>

## Molina v. Municipio de San Juan; Opinion & Order
1 message

**Jose Quetglas** <jfquetglas@gmail.com>     Fri, Jun 30, 2023 at 12:54 PM
To: yadira molina torres <ydmol33@icloud.com>
Cc: Pedro Vazquez <prvazquez3@gmail.com>

Estimada Yadira:

      Espero que te encuentres. Lamentamos informarte que la Corte recientemente desestimó tu caso. *Ver* Opinión y Orden adjunta. Luego de leer la Opinión y Orden, procedemos a resaltar lo siguiente.

      **Sección 1983.** La Corte determinó que la reclamación de violación a la Primera Enmienda bajo la Sección 1983 en cuanto a tu transferencia a otra oficina en marzo de 2015 no forma parte de una violación continua, sino que es una acción laboral discreta que esta prescrita porque no se trajo dentro del año de su ocurrencia. *Ver* Opinión y Orden, a las págs. 9-11. Entendemos que esta determinación es errónea. La transferencia no se trajo en la demanda como una acción independiente sino como un acto de represalia que forma parte de un patrón continuo de acoso en un ambiente de trabajo hostil. *Ver, por ejemplo, Sánchez v. Pub. Bldg. Auth.*, 402 F. Supp. 2d 393, 399 (D.P.R. 2005) (Los reclamos de empleados públicos por descensos, pagos de vacaciones retenidos, advertencias escritas, investigación de insubordinación y quejas de ética fueron suficientemente presentados como componente del reclamo de ambiente de trabajo hostil para fines de estatuto de prescripción).

      La Corte encontró también que no se estableció la responsabilidad del Municipio por las alegadas represalias debido a que: (a) García no tenía la autoridad normativa final para establecer la política municipal – pero aun suponiendo que la tuviera, García solo estuvo involucrado personalmente en la transferencia de marzo de 2015, y no en las otras acciones laborales adversas alegadas; y (b) no hay evidencia en cuanto a que las acciones de García fueran parte de una política oficial o una práctica consuetudinaria comúnmente aceptada por él, que García supiera que tú habías presentado un informe ante el FBI y la Contraloría, o que la transferencia estuviera motivada por ánimo de represalia. *Id.*, a las págs. 12-14. Sabíamos que esta reclamación estaba en un área gris y que podía ser desestimada por no haber incluido a los actores en su capacidad individual, aunque entendemos que el hallazgo es, en parte, erróneo pues la evidencia es que Vera habló con García sobre tu visita al FBI.

      La Corte, además, determinó que no se pudo establecer la reclamación de despido constructivo por razón de que no se presentó suficiente prueba admisible para demostrar que el hostigamiento era tan severo y opresivo que era intolerable permanecer en el trabajo. La Corte también encontró que la mayoría de los alegados incidentes de acoso ocurrieron entre 2014 y 2015, y tú renunciaste en junio de 2017, más de dos años después de participar en la conducta protegida.
*Id.*, a las págs. 14-17. Discrepamos. La evidencia, en nuestra opinión, es suficiente para establecer que el Municipio te sometió a un patrón continuo de hostigamiento en represalia que se extendió hasta el 27 de junio de 2017, y que fue tan severo y opresivo que te obligó a un despido constructivo.

      **Ley 115.** De manera similar, la corte desestimó la acción de represalia bajo la Ley 115 porque supuestamente no se estableció: (a) que hubiese ocurrido algún acto tangible que afectara negativamente tu compensación, beneficios u otros términos del empleo; (b) que hubiese un ambiente de trabajo hostil; (c) que la conducta protegida fue un factor sustancial o motivador en la transferencia de marzo de 2015; y, (d) que los empleados que supuestamente te acosaron supieran de tu conducta protegida. *Id.*, a las págs. 14-17. Discrepamos por las mismas razones mencionadas anteriormente.

**Artículos 1802 y 1803.** La Corte expresó que cualquier reclamación bajo los Artículos 1802 y 1803 (ley general) basada en la misma conducta subyacente a la reclamación de la Ley 115 (ley especial) no es accionable. La Corte, además, encontró que no hay evidencia de: (1) comentarios difamatorios específicos; (b) insultos o humillaciones que constituyesen una violación al derecho constitucional a la intimidad y la dignidad; o, (c) angustias emocionales ocasionadas intencionalmente. *Id.,* a las págs. 19-21. Estamos de acuerdo con esta determinación.

**Beneficios estatutarios.** La Corte encontró que no se estableció que tuvieses derecho a paga de vacaciones, bonos y horas extras por tu trabajo en el Festival de San Sebastián 2015. *Id.,* a las págs. 19-21. Estamos en desacuerdo.

Si deseas apelar la Opinión y Orden ante el Primer Circuito, se debe presentar una notificación de apelación ante el Tribunal de Distrito dentro de los 30 días posteriores a la notificación de la Sentencia el 27 de junio de 2023. *Ver* Sentencia. El costo de presentación de la apelación es $505. Otros costos relacionados para imprimir, fotocopiar, encuadernar y enviar por correo a Boston 12 copias del escrito de apertura y 12 copias del apéndice podrían oscilar entre $3,000 y $4,000. En adición, si se señala la vista en Boston habría que incurrir en gastos de pasajes de avión, hotel y comida. Te correspondería a ti sufragar esos gastos.

Ten en cuenta que nuestro acuerdo de honorarios contingentes se limitó al procesamiento de tu reclamación ante la corte de distrito y no se extiende a un proceso de apelación. Si deseas contratarnos para la apelación, ten presente que Pedro y yo no podemos seguir financiando tu caso. Los gastos del caso pagados por nosotros ya sobrepasan la suma de $12,000, sin garantía de reembolso.

Déjanos saber cómo deseas proceder con este asunto a la mayor brevedad posible. Si desea hablar más sobre este asunto, estamos disponibles para una conferencia telefónica el 7 de julio de 2023, a cualquier hora después de la 1:00 pm.

---

**2 attachments**


131 - JUDGMENT.pdf
86K


130 - OPINION AND ORDER.pdf
197K